```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

JANICE M. GABBARD,                  :
                                    :   NO. 1:02-CV-00485
    Plaintiff,                      :
                                    :
                                    :   **ORDER**
  v.                                :
                                    :
                                    :
USF HOLLAND MOTOR, INC.,            :
                                    :
    Defendant.                      :

       Proceeding pro se and in forma pauperis, Plaintiff Janice M. Gabbard ("Gabbard") filed the instant Complaint on July 3, 2002 (doc. 3) against her former employer, USF Holland Motor, Inc. ("USF"), alleging that she was terminated in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. USF moved for summary judgment on January 27, 2003 (doc. 19); Gabbard responded on March 31, 2003 (doc. 27), and USF replied on April 14, 2003 (doc. 28). The parties also submitted some supplemental memoranda providing additional briefing on the issues presented by USF's motion (docs. 32, 34). On July 2, 2003, Magistrate Judge Sherman filed a Report and Recommendation recommending that USF's Motion for Summary Judgment be granted (doc. 36). Gabbard filed objections to the Report and Recommendation on August 13, 2003 (doc. 39), and USF responded on August 22, 2003 (doc. 40). The matter is therefore fully briefed and ripe for decision. For the following reasons, the Report and

Recommendation will be adopted in its entirety, and USF's Motion for Summary Judgment will be granted.

I.  **Applicable Legal Standard**

Although a grant of summary judgment pursuant to Fed. R. Civ. P. 56 is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Id.; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir.1992)(per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir.1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)(internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir.1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir.1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-48 (emphasis added); see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-

movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir.1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-40 (6th Cir.1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir.1989)(internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh

evidence or assess the credibility of witnesses in deciding the motion.  See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir.1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute.  See Matsushita, 475 U.S. at 587.  The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate.  See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-55 (6th Cir.1991).

**II.      Relevant Factual Background**

The facts relevant to the instant motion, drawn from the Complaint and subsequent filings of the parties and viewed through the appropriate evidentiary standard, may be accurately summarized as follows.  On August 2, 1999, USF hired Gabbard to work as a full-time billing clerk in its Cincinnati terminal.  Excepting two brief layoff periods, Gabbard served in this position until she abandoned her workstation on November 5, 2001 without notifying her supervisor or otherwise obtaining permission to do so.  A co-worker, hearing her state that she was leaving and watching her do so, notified supervisor Dave Botos of her departure.  He and USF viewed these actions as a voluntary resignation and, on November 6, 2001, sent her a letter to that effect.

Gabbard views her departure quite differently.  She contends that she had notified USF in the past that she was unable

to work on various occasions because of a medical condition, and she insists that she met with her supervisor on November 5, 2001 to discuss a recent absence resulting from this illness or medical condition.  She returned to work at USF on November 6, 2001, only to find that her employment had been terminated.  She filed a charge with the Equal Employment Opportunity Commission ("EEOC"), claiming that she suffered from "depression anxiety" and that she was unlawfully terminated because of this disability.  The EEOC found no cause for an investigation but issued a right-to-sue letter on May 12, 2002.  On July 3, 2002, Gabbard filed the instant Complaint, contending that she was under a doctor's care for the condition and that it required her to leave work on the day in question.

Viewing this factual record, the Magistrate Judge concluded that the plaintiff had failed to state a prima facie case for employment discrimination under the ADA.  Specifically, he determined that Gabbard proffered no evidence in support of her contentions that she was disabled as contemplated by the ADA or that USF either knew or had reason to know of her disability.  Accordingly, he recommended that USF's Motion for Summary Judgment be granted (doc. 36).

**III.    Law and Discussion**

Although perhaps inartfully expressed, Gabbard's objections advance two purported errors in the Magistrate Judge's

recommendation that her ADA claim be dismissed. First, she avers that her condition is properly considered a "disability" under the ADA and that the Magistrate Judge erred in concluding otherwise. Second, she contends that, in essence, USF's employees lied in various affidavits that USF filed in support of its motion requesting summary judgment. Neither contention has merit.

As Gabbard has not presented any direct evidence of disability discrimination, she is required to establish a prima facie ADA claim in order to survive summary judgment. See, e.g., McDonald Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)(establishing framework in context of Title VII action); Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1047 (6th Cir. 1998); Monette v. Electronic Data Systems Corp., 90 F.3d 1173, 1185-86 (6th Cir. 1996). Only then is USF required to produce evidence in defense that Gabbard was terminated for a legitimate, nondiscriminatory reason. See, e.g., Gantt, 143 F.3d at 1047; Monette, 90 F.3d at 1185-86 ("If the plaintiff fails to establish a predicate fact necessary to create the presumption of unlawful intent,...the 'burden' never shifts to the defendant.")

To establish a prima facie claim under the ADA, Gabbard must demonstrate that (1) she is "disabled" as contemplated by the ADA; (2) she is otherwise qualified for the position, with or without reasonable accommodations for her disability; (3) she suffered an adverse employment decision; (4) USF either knew or had

reason to know of her disability; and[1] (5) she was replaced or that her position remained open while USF looked for applicants. See Plant v. Morton Intern., Inc., 212 F.3d 929, 936 (6th Cir. 2000). Even assuming, arguendo, that Gabbard satisfied the last four elements of the test, her failure to proffer any evidence that she was "disabled" as contemplated by the ADA renders her claim fatally deficient.

The ADA defines a disability, for purposes of the Act, as any of the following:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). In support of her assertion that her condition satisfies subdivision (A), Gabbard apparently argues

---

[1] The Sixth Circuit has not been entirely consistent in including all five elements in the prima facie case; to a certain extent, the test varies with the nature of claim and effects of the discrimination at issue. Compare Hammon v. DHL Airways, Inc., 165 F.3d 441, 449 (6th Cir. 1999) with Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 310 (6th Cir. 2000) and Martin v. Barnesville Exempted Village School District Bd. of Educ., 209 F.3d 931, 934 (6th Cir. 2000). In fact, recent decisions have emphasized the three-part test articulated in Monette, encompassing the first three elements listed above. See, e.g., Mahon v. Crowell, 295 F.3d 585, 589 (6th Cir. 2003)(citing first three factors). Although the Report and Recommendation did not address the fifth element noted above, Gabbard's failure to satisfy at least one of the other four elements renders any significance of this omission or discussion of this element moot. The Court notes, however, in passing, that Gabbard also appears to have failed to proffer any evidence indicating that she was replaced by someone without a disability or her position remained open.

that because it is undisputed that she suffers from depression and anxiety, she necessarily qualifies as suffering from a disability or, at the very least, a jury question is presented as to whether she is so afflicted.  Unfortunately, she misinterprets her burden in establishing her prima facie case: she must proffer some evidence that her purported disability "substantially limits" at least one "major life activity," such as performing manual tasks, speaking, breathing, and working.  See Mahon v. Crowell, 295 F.3d 585, 590 (6th Cir. 2002), quoting 45 C.F.R. § 84.3(j)(2)(ii).

> Although Gabbard is not specific, it appears as though she contends that her depression and anxiety prevented her from working in her given job.  Recent Supreme Court decisions, however, have reaffirmed the obligation to interpret the term "substantially limited" very "strictly to create a demanding standard for qualifying as disabled," Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 197 (2002), and the Sixth Circuit has accordingly noted that this requirement has "sharply limit[ed] the reach of the ADA."  Mahon, 295 F.3d at 589.  Gabbard's contention that she cannot serve in her current position-even if true and substantiated by evidence-is insufficient to render her "substantially limited" in the activity of working.  Rather, she must be "precluded from more than one type of job, a specialized job, or a particular job of

choice." <u>Mahon</u>, 295 F.3d at 591, <u>quoting Sutton v. United Air Lines</u>, 527 U.S. 471, 492 (1999).  "If jobs utilizing [Gabbard's] skills (but perhaps not ... her unique talents) are available, [she] is not precluded from a substantial class of jobs," and she is not disabled as contemplated by the ADA.  <u>Id</u>.

Gabbard's contention that the Magistrate Judge based his holding on the fact that "she did not see a physician in person for several months" fundamentally misinterprets the Report and Recommendation (doc. 39).  To the contrary, the Magistrate Judge properly noted that Gabbard provided absolutely no evidence, medical or otherwise, that her purported disability precluded her from performing her job at USF, much less a "substantial class" of jobs.  Furthermore, her own filings, read liberally, do not contend that she could not pursue other jobs, just that she could not "perform the [current] job as she could not tolerate noise or distractions which existed at the time at USF Holland" (doc. 39).  Indeed, the only purported evidence she offers is a physician's determination that her depression and anxiety rendered her unable to work approximately one year after the alleged termination occurred.  While Gabbard is correct that Congress intended that the existence of a disability be determined in a case-by-case manner, <u>see</u>, <u>e.g.</u>, <u>Toyota</u>, 534 U.S. at 198, this sole piece of evidence, even when viewed in a light most favorable to Gabbard, is simply insufficient to justify a

jury finding that she was disabled as contemplated by the ADA on November 5, 2001.

Gabbard similarly fails to satisfy any of the other two possibilities, articulated in subsections (B) and (C), of establishing a disability under the ADA. The record is bereft of any history of impairment; accordingly, she has failed to produce any evidence to satisfy this particular prong. Similarly, Gabbard has failed to proffer any evidence that USF "regard[s her] as having" a disability. 42 U.S.C. § 12102(2)(C). First, Gabbard's own contentions and the filings in this case preclude any determination that USF erroneously regarded her as having a disability: her entire claim rests on the premise that she does suffer from a valid disability. Furthermore, Gabbard simply alleges that she or her son notified USF on at least two occasions that she was absent from work because of an unspecified illness or because she was depressed and anxious. Not only does she fail to allege that she ever told them that this rose to the level of a disability, but, as a matter of law, simply notifying an employer that one suffers from a physical condition can not establish that the employer therefore regarded the individual as disabled. See, e.g., Plant v. Morton Int'l, Inc., 212 F.3d 929, 938 (6th Cir. 2000). As Gabbard has presented no evidence that USF harbors a belief-mistaken or otherwise-that Gabbard suffers from any disability, any possibility of proceeding under the

third prong is necessarily precluded.  See Sutton, 527 U.S. at 489; Mahon, 295 F.3d at 592.

Finally, Gabbard's charge that USF's employees have filed untrue or false affidavits is unavailing in her attempt to avoid summary judgment.  While it is true that witness credibility and truthfulness have long been regarded as jury questions, see, e.g., Chesapeake & O. Ry. Co. v. Martin, 283 U.S. 209, 216 (1931); Boutros v. Canton Regional Transit Authority, 997 F.2d 198, 202 (6th Cir. 1993), this doctrine is unavailing to Gabbard in the instant case.  Their purported proffer of false evidence does not relieve her of the obligation to come forward with some affirmative evidence supporting her prima facie case.  See Anderson, 477 U.S. at 248; Hammon v. DHL Airways, Inc., 165 F.3d 441, 447 (6th Cir. 1999).  Accordingly, her failure to do so, as noted above, is fundamentally fatal to her claim.  As Gabbard has failed to establish the first element of her prima facie ADA claim-namely, that she suffers from a disability-her ADA claim necessarily fails, and summary judgment in favor of USF is required by Fed. R. Civ. P. 56.

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's Objections to the Report and Recommendation (doc. 39) are OVERRULED.  The Report and Recommendation (doc. 36) is ADOPTED IN ITS ENTIRETY.  The Defendant's Motion for Summary Judgment (doc. 19) is GRANTED.

The Clerk is instructed to enter judgment in favor of Defendant USF Holland Motor, Inc. and to remove the instant case from this Court's docket.

    SO ORDERED.

Dated: September 30, 2003    <u>s/S. Arthur Spiegel</u>
                                        S. Arthur Spiegel
                                        United States Senior District Judge