No. 03-4392

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
NOV 1 2004
LEONARD GREEN, Clerk

JANICE M. GABBARD, )
)
    Plaintiff-Appellant, )
)
v. )    O R D E R
)
USF HOLLAND MOTOR, )
)
    Defendant-Appellee. )
)

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 02-485

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: KEITH, CLAY, and BRIGHT,* Circuit Judges.

    Janice M. Gabbard appeals a district court grant of summary judgment for defendant in this employment discrimination action filed under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

    Gabbard filed her complaint in the district court alleging that she had to leave work on November 5, 2001, while she was under medical care for anxiety and depression, and lost her job when her manager at USF Holland Motor decided that she had resigned her position by leaving work. Defendant moved the district court for summary judgment, and Gabbard responded in opposition. Defendant filed a reply, Gabbard filed a supplemental response, and defendant filed a supplemental reply.

    The magistrate judge recommended that defendant's motion for summary judgment be granted, and Gabbard filed objections. After defendant filed a response, the district court adopted

---

*The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

the magistrate judge's recommendation and granted summary judgment for defendant. Gabbard filed a timely notice of appeal.

On appeal, Gabbard contends that she was disabled, that defendant knew she was disabled, that the district court relied on defendant's false statements in granting summary judgment, and that her firing was against public policy. Defendant responds that summary judgment was proper because Gabbard did not establish a prima facie case of discrimination, that a legitimate and nondiscriminatory reason to fire her existed in any event, and that Gabbard's public policy contention was not asserted in the district court. Upon de novo review, *see Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment essentially for the reasons stated by the district court in its order dated September 30, 2003.

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To establish a prima facie case of discrimination under the ADA, plaintiff must show that: (1) she is disabled; (2) she is otherwise qualified for the job with or without reasonable accommodation; (3) she suffered an adverse employment decision; (4) the employer knew or had reason to know of her disability; and (5) the position remained open or was filled after her removal. *See Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 936 (6th Cir. 2000); *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1185 (6th Cir. 1996). However, where plaintiff has direct evidence that an employer relied on a disability in making an adverse employment decision or where the employer admits that it relied on a disability, a prima facie case consists of a showing that: (1) the plaintiff is disabled; (2) plaintiff is otherwise qualified for the position with or without reasonable accommodation; and (3) plaintiff suffered an adverse employment decision solely because of the disability. *Monette*, 90 F.3d at 1178. A person is "disabled" under the ADA if a physical or mental impairment substantially limits one or more major life activity; there is a record of such impairment; or the employer regards the person as having such an impairment. *See* 42 U.S.C. § 12102(2); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir. 1999); *McKay v. Toyota Motor Mfg., U.S.A.*, 110 F.3d 369, 371 (6th Cir. 1997). "Substantially limits" is defined as being: "(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted as to the

condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). "Major life activity" includes both caring for oneself and working. *See* 29 C.F.R. § 1630.2(i). Thus, "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198 (2002). "Merely having an impairment does not make one disabled for purposes of the ADA." *Id.* at 195.

The district court correctly concluded that plaintiff did not establish a prima facie case of discrimination because she cannot show that she was disabled as of November 5, 2001. Although evidence of record supports plaintiff's contention that she had an impairment and was treated for depression as of that date, the evidence simply does not support her contention that she was disabled by her condition as of that time within the meaning of the ADA. Because plaintiff did not show that she was disabled, the district court properly granted summary judgment for defendant.

Finally, plaintiff's remaining claims on appeal lack merit. First, the district court correctly concluded that allegedly false statements submitted by defendant's employees did not affect plaintiff's inability to establish a prima facie case of discrimination. Further, plaintiff's claim on appeal that her firing was against public policy should not be addressed because the claim was not asserted in the district court. *See Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 482 (6th Cir.), *cert. denied*, 124 S. Ct. 399 (2003). Accordingly, plaintiff's remaining claims lack merit.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk